# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable S. C. Smith
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. O-6289
Re: Applicability of the two
year limitations statute
(Article 5526, V.A.C.S.)
to claims by common school
districts against a tax
assessor-collector.

The following facts are summarized from
your opinion request of November 20, 1944:

In an auditor's report filed and
made a public record in the office of your County
Clerk on February 4, 1939, the charge was made
that your tax assessor-collector had failed to
account to certain common school districts for
the sum of $2848.16 during the period beginning
January 1, 1935, and ending December 31, 1938.
Shortly thereafter the tax assessor-collector de-
posited this sum in escrow in a local bank for the
purpose of showing his willingness to pay any sum
which might be legally collectible from him. The
deposit was made on March 17, 1939. No further
action was taken to establish the liability of
the tax assessor-collector or to reach the sum
held in escrow until October, 1944, when the widow
and sole heir of the now deceased tax assessor-
collector filed suit to determine what, if any,
part of the fund held in escrow should be returned
to her.

You have prepared and submitted to the
trustees of the affected common school districts an opinion in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

which you express your belief that the two year limitations statute (Article 5526, V.A.C.S.) is applicable to these claims, and you have requested this department to review your opinion and to advise you whether or not we feel that it is correct. On the basis of the authorities and reasoning embodied in your opinion, we feel that said opinion is an eminently correct exposition of the law relative to this situation.

As you state, the case of Bexar County v. Maverick, 159 S. W. (2d) 140 (error refused) holds squarely that the two year limitations statute is applicable to this type of claim, while the case of Mexican Coal & Coke Company v. Ruckman, 229 S. W. 347, demonstrates that the placing of funds in escrow to indicate a willingness to pay does not toll the operation of the limitations statutes. Consequently, we concur in your conclusion that the delay of the school districts in establishing their claims, if any they had, has allowed the statutes of limitations to bar such claims.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          R. Dean Moorhead
                 Assistant

RDM:BT